# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MDL Case No.13md2452 AJB (MDD)

As to all related and member cases

ORDER FOLLOWING SECOND CASE MANAGEMENT CONFERENCE

On March 4, 2014, the Court held a Case Management Conference to address initial document production and key custodian designation/production deadlines regarding the issue of general causation. Counsel informed the Court that they have met and conferred regarding these issues and have agreed upon the following dates:

1. The data end-point or "cull point" has been set at **February 28, 2014**. As a result, all data regarding general causation up through this date will be within the bounds of discovery. However, this data-end point does not apply to Defendant Eli Lilly. The parties are continuing to meet and confer regarding a data end-point with respect to Defendant Eli Lilly, and will update the Court regarding these efforts at the next case management conference on May 28, 2014.

2. All "FDA files," including clinical trials relevant to the issue of general causation, must be produced on or before **May 9, 2014**. A case management

conference with respect to the status of the document production in this
regard will be held on **May 28, 2014 at 1:00 PM** in Courtroom 3B.  The
parties may appear in person or telephonically for the May 28, 2014 confer-
ence.  Any call-in instructions and a list of the individuals who will be
appearing telephonically must be submitted to the Court via e-file no later
than **May 23, 2014**.

3. All key custodian files must be produced on or before **June 6, 2014**.  A case
management conference with respect to the status of the document produc-
tion in this regard will be held on **July 1, 2014 at 9:00 AM** in Courtroom
3B.  The parties may appear in person or telephonically for the July 1, 2014
conference.  Any call-in instructions and a list of the individuals who will be
appearing telephonically must be submitted to the Court via e-file no later
than **June 27, 2014**

4. Expert designations and document production regarding expert designations
will be addressed by the Court at a later date.

5. The parties should continue to meet and confer regarding all discovery
related issues.  To the extent an agreement can not be reached, the parties are
instructed to contact Magistrate Judge Mitchell D. Dembin for resolution.

IT IS SO ORDERED.

DATED:  March 4, 2014

Hon. Anthony J. Battaglia
U.S. District Judge

13md2452 AJB (MDD)

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re Viagra Products Liability Litigation      Case No. 06-md-1724

This Order Relates to **ALL ACTIONS**    **SCHEDULING ORDER RELATING**
                    **TO PHASE I OF DISCOVERY**

---

The parties have agreed to divide fact discovery for all cases transferred to this Court in MDL No. 1724, with the first phase to focus only on the issue of general causation. As such, the parties submitted a proposed schedule and protocol for the first phase. Based on that proposal and to secure the just, speedy, and inexpensive determination of the actions, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

## A.  **Phase I Discovery**

The first phase of discovery for all cases shall be focused on the sole issue of general causation — whether Viagra® is capable of causing non-arteritic anterior ischemic optic neuropathy ("NAION") or other ocular conditions allegedly suffered by Plaintiffs in this MDL. Early resolution of this threshold and potentially dispositive issue is consistent with The Manual for Complex Litigation § 11.422 (4th ed. 2004), which recommends the use of phased, sequenced, or focused discovery where targeted information might provide the foundation for resolution of a dispositive motion. As discussed with the parties at the initial conference, targeted discovery and resolution of the issue of general causation serves the interest of all parties and the Court, promotes judicial efficiency, and prevents the potential waste of the parties' and the Court's resources.

All fact and/or expert discovery on issues other than general causation, including specific causation, shall be stayed except as detailed in Section B of this Scheduling Order. The parties shall meet and confer as to the appropriate parameters of "general causation" discovery prior to bringing any dispute as to scope to the Court. Nothing in this Scheduling Order shall preclude either party from seeking or opposing additional discovery upon application to the Court.

All general causation discovery shall be taken by Plaintiffs' Lead Counsel or their designee, on behalf of all Plaintiffs in the MDL. An individual plaintiff's counsel may suggest discovery to the Plaintiffs' Lead Counsel, but may not conduct general causation discovery independently or in his own name. The parties will meet and confer regarding a deposition protocol for fact and expert witnesses to be submitted to the Court.

Discovery shall be governed by applicable Federal Rules of Civil Procedure and Local Rules of the District of Minnesota except as otherwise provided herein or in a subsequent Scheduling Order.

1. **Schedule:** Discovery on the issue of general causation shall be completed as follows:

   a. No later than July 30, 2006, the parties shall serve the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A) & (B) as they pertain to the issue of general causation.

   b. Defendant has produced documents relevant to the issue of general causation to individual Plaintiffs prior to the creation of this MDL, and

has made these documents available to all Plaintiffs in this MDL. Plaintiffs' Lead Counsel or their designees shall review these documents previously produced and shall inform Defendant on or before August 15, 2006, whether they believe any additional written discovery is necessary on the issue of general causation. The parties shall meet and confer regarding the scope of any additional written discovery and shall submit any remaining disputes to the Court by September 15, 2006. Fact discovery on the issue of general causation shall be completed by December 1, 2006.

c.      Plaintiffs shall serve general causation expert reports, as set forth herein, on or before December 1, 2006.

d.      Defendant shall serve general causation expert reports, as set forth herein, on or before January 1, 2007.

e.      Depositions of Plaintiffs' experts must be completed on or before March 1, 2007. Plaintiffs will make their experts available for deposition by this date.

f.      Depositions of Defendant's experts must be completed on or before April 2, 2007. Defendant will make their experts available for deposition by this date.

g.      Defendant's <u>Daubert</u> motion to challenge any or all of Plaintiffs' general causation experts must be filed on or before April 13, 2007.

h. Plaintiffs' Opposition to Defendant's motion must be filed on or before May 1, 2007.

i. Defendant's Reply Brief in support of their motion must be filed on or before May 15, 2007.

j. The Court will schedule a hearing on the motion, if necessary, at its earliest convenience after May 15, 2007. Prior to the hearing, the parties and the Court shall meet and discuss the format and procedures for any such hearing, including, if necessary, prior disclosure of witnesses expected to testify and evidence to be introduced at the hearing.

2. **Fact Depositions**:

a. All depositions shall be conducted pursuant to applicable Federal Rules of Civil Procedure and Local Rules of the District of Minnesota, and as further specified below.

b. To the extent practicable, counsel shall consult with opposing counsel and/or potential deponents in an effort to schedule depositions at mutually convenient times and locations. Plaintiffs shall not contact present employees of Defendant without permission of Defendant's counsel.[1] The parties shall meet and confer to identify the appropriate

---

[1] The parties are currently briefing the issue of whether Plaintiffs may contact ex parte former employees of Defendant. Until the Court rules on the issue, Plaintiffs may not conduct any ex parte communications with former employees of Defendant.

deponents on issues relating to general causation. Plaintiffs shall in good faith take only those depositions deemed reasonably necessary to address the issue of general causation.

c.  Depositions of fact witnesses on issues relating to general causation shall not preclude further depositions of these same witnesses on additional issues if deemed appropriate at a later date.

d.  Unless otherwise agreed to, any deposition of a current or former employee of Defendant shall take place where practical in the city or town of the employee's place of business or, if not practical, in a convenient city near the employee's place of business.

e.  Plaintiffs' Lead Counsel or his designee shall be the primary examiner who conducts the examination of a deponent on behalf of all Plaintiffs in the MDL. The primary examiner may be followed by one follow-up examiner, who may examine the witness, but not duplicate any questioning by the primary examiner. No additional examination by any other attorney representing any individual Plaintiffs may be conducted.

3.  **Expert Reports:**

a.  Expert disclosures on the issue of general causation shall be made by the parties on the dates set forth above. Each party's expert disclosures shall be made in accordance with Federal Rule of Civil Procedure 26.

b.     Plaintiffs may designate a single expert or group of experts on the issue of general causation to encompass the claims and injuries of all Plaintiffs in MDL 1724.   Should the Court deny Defendant's <u>Daubert</u> motion, any individual Plaintiff  may later designate different experts to testify on the same issue(s) at trial so long as:

(1)     The later-designated experts rely upon the same or substantially the same evidence, opinions and/or theories relied upon by the MDL experts, but may rely upon medical articles or scientific publications which are published after the date of their expert reports; and

(2)     Such opinions, evidence and/or theories have not previously been determined by this Court to be scientifically unreliable or otherwise inadmissible.

(3)     Defendant may challenge the admissibility of the testimony of such later-designated expert testimony based on any newly identified medical articles or scientific publications or on expert-specific grounds such as the lack of qualifications to render the opinions being proffered.

c.     Defendant may designate a single expert or group of experts on the issue of general causation to encompass the claims and injuries of all Plaintiffs in MDL 1724.   Should the Court deny Defendant's <u>Daubert</u>

motion, Defendant may later designate different experts to testify on the same issue(s) at any individual trial so long as:

(1)     The later-designated experts rely upon the same or substantially the same evidence, opinions and/or theories relied upon by the MDL experts, but may rely upon medical articles or scientific publications which are published after the date of their expert reports; and

(2)     Such opinions, evidence and/or theories have not previously been determined by this Court to be scientifically unreliable or otherwise inadmissible.

(3)     Plaintiffs may challenge the admissibility of the testimony of such later-designated expert testimony based on any newly identified medical articles or scientific publications or on expert-specific grounds such as the lack of qualifications to render the opinions being proffered.

## 4.      **Expert Depositions**

a.      All expert depositions shall be conducted pursuant to applicable Federal Rules of Civil Procedure and Local Rules of the District of Minnesota, and as further specified below.

b.      Counsel shall consult with opposing counsel in an effort to schedule depositions at times convenient to the expert witness and the parties

within the time frame provided by the schedule above.

c. Unless otherwise agreed to, all depositions of experts shall take place where practical in the city or town of the expert's place of business or, if not practical, in a convenient city near the expert's place of business. Plaintiffs' Lead Counsel or his designee shall be the primary examiner who conducts the examination of an expert on behalf of all Plaintiffs in the MDL. The primary examiner may be followed by one follow-up examiner, who may examine the witness, but not duplicate any questioning by the primary examiner. No additional examination by any other attorney representing any individual Plaintiff may be conducted.

**B.     Fact Sheets**

1. Plaintiffs in each case transferred to this Court shall complete a Plaintiff's Fact Sheet ("PFS"), a copy of which is attached hereto at Attachment A. Within five (5) business days after the entry of this Scheduling Order, Plaintiffs' Liaison Counsel shall forward (electronically or otherwise) to each Plaintiff's counsel a copy of this Scheduling Order and PFS, and certify that fact to Liaison Counsel for Defendant. Plaintiffs in all cases currently docketed in this Court as of the date of entry of this Scheduling Order shall complete the PFS and serve same upon Defendant's Lead and Liaison Counsel no later than 90 days after transmission of the PFS. Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this Scheduling Order shall be served with a copy

of this Scheduling Order and PFS by Defendant's Liaison Counsel upon the docketing of the case in the MDL in the District of Minnesota, and shall complete the PFS and serve same upon Defendant's Lead and Liaison Counsel no later than 90 days after service of the PFS.

2.     Should a Plaintiff fail to serve a complete PFS within the time allowed, Defendant's Liaison Counsel shall send a warning letter to that Plaintiff's attorney of record, with a copy to Plaintiffs' Liaison Counsel. Should a Plaintiff fail to provide a complete PFS within 30 days of the sending of the warning letter, Defendant may move the Court for appropriate relief, including dismissal of the complaint. In determining the appropriate relief, the Court shall consider the degree of completeness of the PFS.

3.     No additional discovery of Plaintiffs shall occur until further order of the Court.

Date: June 30, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States Senior District Judge

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

IN RE:                                              MDL 1626

**ACCUTANE (ISOTRETINOIN)**                          Case No. 8:04-md-2523-T-30TBM
**PRODUCTS LIABILITY LITIGATION,**
_____/

**MAUREEN MYHRA COLQUITT,**

        **Plaintiff,**
**v.**                                              Case No. 8:11-cv-1549-T-30TBM

**HOFFMANN-LA ROCHE, INC., et al.,**

        **Defendants.**
_____/

**DALYN MYHRA CHAMBERS, et al.,**

        **Plaintiffs,**
**v.**                                              Case No. 8:11-cv-1550-T-30TBM

**HOFFMANN-LA ROCHE, INC., et al.,**

        **Defendants.**
_____/

**AMANDA JEAN LAUSCHE and**
**RYAN ERIC JOHNSON,**

        **Plaintiffs,**
**v.**                                              Case No. 8:11-cv-1608-T-30TBM

**HOFFMANN-LA ROCHE, INC., et al.,**

        **Defendants.**
_____/

**MICHELLE COLLI,**

         **Plaintiff,**

**v.**                                                         **Case No. 8:11-cv-1621-T-30TBM**

**HOFFMANN-LA ROCHE, INC., et al.,**

         **Defendants.**

_____/

**NILI GOLDSTEIN,**

         **Plaintiff,**

**v.**                                                         **Case No. 8:11-cv-1636-T-30TBM**

**HOFFMANN-LA ROCHE, INC.,**

         **Defendant.**

_____/

**LINDSAY KRAMER,**

         **Plaintiff,**

**v.**                                                         **Case No. 8:11-cv-1702-T-30TBM**

**HOFFMANN-LA ROCHE, INC., et al.,**

         **Defendants.**

_____/

**JOHN PATRICK CARTER,**

         **Plaintiff,**

**v.**                                                         **Case No. 8:11-cv-1762-T-30TBM**

**HOFFMANN-LA ROCHE, INC., et al.,**

         **Defendants.**

_____/

2

## CASE MANAGEMENT AND SCHEDULING ORDER

THIS MATTER is before the court for the entry of a case management and scheduling order. A status conference in these Accutane (Isotretinoin) tag-a-long cases was conducted on August 23, 2011. As indicated at hearing, at present it appears appropriate in these cases to follow a schedule similar to that established previously in other Accutane IBD cases. Such a scheduling order is premised on the belief that there are two issues which may be case dispositive and, thus, should be addressed at the outset: (1) the admissibility of expert testimony on general causation under Federal Rule of Evidence 702 and *Daubert*; and (2) the adequacy of the drug labeling as a matter of law. There, as here, it appears appropriate that the early focus of the parties should be on expert disclosure and discovery so that these potentially dispositive issues may be reached without unnecessary delay or expense. As noted in prior orders, should any of the instant cases survive rulings on both issues, certain additional discovery will be necessary. In that event, discovery shall be reopened in order for the parties to prepare that case for trial.

Upon consideration, the court hereby enters the following scheduling deadlines:

| | |
|---|---|
| Service of fact sheets by Plaintiffs: | September 30, 2011 |
| Plaintiffs' general causation expert disclosures: | December 30, 2011 |
| Defendants' general causation expert disclosures: | January 31, 2012 |
| Plaintiffs' general causation expert reports: | January 31, 2012 |
| Defendants' general causation expert reports: | February 29, 2012 |
| Completion of initial fact discovery and expert discovery          : | May 31, 2012 |

3

Filing of dispositive motions
and *Daubert* motions:                                    June 29, 2012

Opposition briefs due:                                    July 27, 2012

Hearings, if any, on the *Daubert* and dispositive motions shall be scheduled by

separate order of the district judge.

Extension of these agreed upon dates should not be anticipated and will not be

entertained absent a showing of good cause.

In the event the cases survive the legal challenges, the undersigned will conduct a

discovery conference to determine what, if any, additional discovery may be necessary prior to

the trial.

**Done and Ordered** in Tampa, Florida, this 25th day of August 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| **Cases listed on Exhibits A, B and C** | * | MAGISTRATE JUDGE |
| | * | KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**PRETRIAL ORDER NO. 58**</u>
**(Case Management Order for Remaining Personal Injury Actions )**

Approximately 70 personal injury cases remain in this MDL proceeding, out of tens of thousands of cases that were previously resolved. The cases can largely be categorized into three groups – (1) cases alleging a myocardial infarction ("MI") or stroke injury; (2) cases alleging venous thromboembolism injuries ("VTEs"); and (3) cases alleging all other injuries ("Other Injuries")[1].

This Order governs the management of cases that allege VTE injuries, Other Injuries, and Heart Attack/Stroke/TIA injuries.

Accordingly, it is hereby **ORDERED:**

## I.    <u>REMAINING DISCOVERY IN VTE AND "OTHER INJURY" CASES</u>

All remaining generic discovery and case specific factual discovery shall take place in accordance with Pretrial Orders issued by this Court. All fact and expert discovery will be completed by the parties in the MDL prior to consideration of any motions to remand/transfer. As this Court has indicated previously, it is the intention of this Court that, if any individual

---

[1] The characterization of individual injuries is for the purposes of the scheduling order only.

cases are remanded back to transferor courts, the case will be remanded in a "trial ready"

posture. At this late juncture of the proceedings, it would not be the most efficient use of limited

judicial resources to require other judges to essentially start anew with these cases.

   A significant benefit of MDL coordination arises from the conservation of judicial

resources, and the ability of a judge who is knowledgeable about the extensive history of the

litigation to address and manage discovery issues and motions practice more efficiently. The

continued centralized management of pretrial proceedings under the supervision of this Court

will assist the parties to ready cases for trial in the most just and efficient manner. In short,

continued MDL coordination will "eliminate duplicative discovery, prevent inconsistent pretrial

rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re*

*Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (citing 28 U.S.C. § 1407).


## II.  GENERAL CAUSATION FOR VTE CASES

   The largest group of cases remaining in this MDL consists of venous

thromboembolism injuries, such as pulmonary embolisms and deep vein thromboses.

   Merck has a pending motion for summary judgment (filed November 2, 2011)

that essentially asserts that plaintiffs cannot produce legally sufficient evidence to establish that

Vioxx usage causes VTE injuries. Plaintiffs were given until **May 7, 2012** to produce an expert

report on general causation. Due to unexpected problems encountered with the Plaintiffs'

Document Depository, Liaison Counsel has sought an extension of that deadline.

   Further proceedings in the **VTE Cases** (***listed on Exhibit A***) shall take place as

follows:

- Plaintiffs produce generic expert report(s) on general causation by **August 15, 2012**;

- Defendant produces any supplemental/rebuttal reports by **August 31, 2012**.

- Completion of expert depositions in *VTE* cases – **October 15, 2012**.

### *Daubert Motions in PE/DVT Cases*

*Daubert* motions due – **November 21, 2012**

Opposition to *Daubert* motions due – **December 21, 2012**

*Daubert* Reply briefs due – **January 7, 2013**

*Daubert* hearing – ***T/B/A***

## III.    DISCOVERY IN "OTHER INJURY" CASES

Further proceedings in the **Other Injury Cases (*listed on Exhibit B*),** which comprise 13

in number, shall proceed in accordance with the following schedule:

- Completion of All Fact Discovery– **November 1, 2012**
- Designation of Experts and Submission of Written Expert Reports by Plaintiffs – **November 16, 2012**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

- Designation of Experts and Submission of Written Expert Reports by Defendant – **December 14, 2012**
    - Written reports must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, and the designated experts must be willing and prepared to provide sworn testimony admissible in a court of law.

- Completion of Expert Depositions – **February 18, 2013**
- *Daubert* and Dispositive Motions due – **March 11, 2013**

o Opposition to *Daubert* and Dispositive Motions due – **April 11, 2013**

o Reply briefs due – **May 20, 2013**

o *Daubert* hearing – **T/B/A**

### *Dispositive Motions*

Dispositive motions in individual cases may be filed at any time. The opposing party will have 21 days to respond. The moving party will have 10 days to reply.

## IV.   GENERAL CAUSATION AND DISCOVERY IN HEART ATTACK/STROKE/TIA CASES

A significant benefit of prior MDL coordination efforts includes *Daubert* hearings and expert reports that have been previously reviewed by the Court or prepared as a result of coordinated effort of various Plaintiffs' counsel. Taking advantage of these efforts will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id*.

Further proceedings in the **Heart Attack/Stroke/TIA Cases (**_listed on Exhibit C_**)**, which comprise 28 in number, shall proceed in accordance with the following schedule:

o Plaintiffs produce generic expert report(s) on general causation by **June 15, 2012**, for the purpose of preliminarily establishing general causation as to the event and sufficiency of Vioxx usage in Heart Attack/Stroke/TIA cases in general, not with regard to individual cases

o Defendant shall notify Plaintiffs' Lead Counsel which of the Heart Attack/Stroke/TIA cases will require a *Daubert* hearing on general causation as to the event and/or Vioxx usage – **September 17, 2012**

o Completion of All Fact Discovery– **February 1, 2013**

- o Designation of Experts and Submission of Written Expert
  Reports by Plaintiffs – **February 18, 2013**

  - ▪ Written reports must fully comply with
    Rule 26(a)(2) of the Federal Rules of
    Civil Procedure, and the designated
    experts must be willing and prepared to
    provide sworn testimony admissible in a
    court of law.

- o Designation of Experts and Submission of Written Expert
  Reports by Defendant – **March 18, 2013**

  - ▪ Written reports must fully comply with
    Rule 26(a)(2) of the Federal Rules of
    Civil Procedure, and the designated
    experts must be willing and prepared to
    provide sworn testimony admissible in a
    court of law.

- o Completion of Expert Depositions – **May 6, 2013**
- o *Daubert* and Dispositive Motions due – **June 3, 2013**
- o Opposition to *Daubert* and Dispositive Motions due – **July 1, 2013**
- o Reply briefs due – **July 15, 2013**
- o *Daubert* hearing – **T/B/A**

### *Dispositive Motions*

Dispositive motions in individual cases may be filed at any time. The opposing party will

have 21 days to respond. The moving party will have 10 days to reply.

NEW ORLEANS, LOUISIANA, this 15th day of May, 2012.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Case: 2:05-md-01657-EEF-DEK Document: 63342-1 Filed: 05/25/12 Page: 6 of 10

*Exhibit A*
*(VTE Cases)*

| | Plaintiff | Plaintiff Counsel | Case Caption | Docket Number Current |
|---|---|---|---|---|
| 1. | Albertson, Beverly A | Cory, Watson, Crowder & DeGaris | Albertson, Beverly v. Merck & Co., Inc. | 2:06-cv-06236-EEF-DEK |
| 2. | Amiss, Louise H | Oldfather Law Firm | D'Angelo, Mary v. Merck & Co., Inc. | 2:06-cv-09755-EEF-DEK |
| 3. | Bland, Violet M | Oldfather Law Firm | Popp, Jennifer M. v. Merck & Co., Inc. | 2:06-cv-01926-EEF-DEK |
| 4. | Brown, Dianne | Pro Se | Banks, Mary v. Merck & Co., Inc. | 2:06-cv-02214-EEF-DEK |
| 5. | Byrd, Deborah A | Pro Se | Banks, Mary v. Merck & Co., Inc. | 2:06-cv-02214-EEF-DEK |
| 6. | Carver, Gail F. | Oldfather Law Firm | Carver, Roger v. Merck & Co., In | 2:05-cv-04981-EEF-DEK |
| 7. | Demoski, James J | Law Office of Ronald R. Benjamin | Agard, David v. Merck & Co., Inc. | 2:05-cv-01089-EEF-DEK |
| 8. | Dumbell, Mabel C | Fibich, Hampton & Leebron | Barker, Rita B. v. Merck & Co., Inc. | 2:05-cv-06535-EEF-DEK |
| 9. | Eddy, Judith | Oldfather Law Firm | Albright, Ann M. G. v. Merck & Co., Inc. | 2:06-cv-02204-EEF-DEK |
| 10. | Fulton, Rebeka K | Cory, Watson, Crowder & DeGaris | Fulton, Arthur v. Merck & Co., Inc. | 2:05-cv-00436-EEF-DEK |
| 11. | Garner, Elizabeth A | Robert L. Salim | Black, Bill v. Merck & Co., Inc. | 2:05-cv-04452-EEF-DEK |
| 12. | Gasio, Dane B | Oldfather Law Firm | Gasio, Dane v. Merck & Co., Inc. | 2:07-cv-01054-EEF-DEK |
| 13. | Graham, Larry N | Federman & Sherwood | Graham, Larry v. Merck & Co., Inc. | 2:07-cv-01055-EEF-DEK |
| 14. | Heisey-DeWolf, Deborah A | Oldfather Law Firm | Heisey DeWolf  v. Merck & Co., Inc. | 2:06-cv-09810-EEF-DEK |
| 15. | Hench, Edwin C | Oldfather Law Firm | Hench, Edwin C. v. Merck & Co., Inc. | 2:06-cv-09811-EEF-DEK |
| 16. | Jelden, Todd | Oldfather Law Firm | Atkinson, Allen v. Merck & Co., Inc. | 2:05-cv-04130-EEF-DEK |
| 17. | Knifley, Thelma M | Cory, Watson, Crowder & DeGaris | Knifley, Welby R. v. Merck & Co., Inc. | 2:05-cv-05635-EEF-DEK |
| 18. | Kollin, Jean M | Pro Se | Allen, Marie v. Merck & Co., Inc. | 2:06-cv-02220-EEF-DEK |
| 19. | Mack, Timothy F | Law Office of Ronald R. Benjamin | Dier, Glenn L v. Merck & Co., Inc. | 2:05-cv-01088-EEF-DEK |
| 20. | Major, Lynell | Robert L. Salim | Black, Bill v. Merck & Co., Inc. | 2:05-cv-04452-EEF-DEK |
| 21. | Martin, Kristen M | Fibich, Hampton & Leebron | Martin, Khristen v. Merck & Co., Inc. | 2:06-cv-06808-EEF-DEK |
| 22. | Osiecki, Marilyn J | Oldfather Law Firm | Osiecki, Marilyn J. v. Merck & Co., Inc. | 2:06-cv-09814-EEF-DEK |
| 23. | Painter, Gladys R | Oldfather Law Firm | Gibson, Kathy v. Merck & Co., Inc. | 2:06-cv-09812-EEF-DEK |
| 24. | Reilly, James A | Oldfather Law Firm | Ballantyne, Arthur W. v. Merck & Co., Inc. | 2:06-cv-02195-EEF-DEK |

|     | Plaintiff | Plaintiff Counsel | Case Caption | Docket Number Current |
|-----|-----------|-------------------|--------------|-----------------------|
| 25. | Silva, Valerie A | James, Vernon & Weeks, P.A. | Silva, Valerie A. v. Merck & Co., Inc. | 2:05-cv-01768-EEF-DEK |
| 26. | Slembarski, John C | Oldfather Law Firm | Slembarski, John C. v. Merck & Co., Inc. | 2:06-cv-09809-EEF-DEK |
| 27. | Vecchio, Teresa M | Pro Se | Daluiso, Anna v. Merck & Co., Inc. | 2:06-cv-01197-EEF-DEK |
| 28. | Weese, Roxana | Pro Se | Banks, Mary v. Merck & Co., Inc. | 2:06-cv-02214-EEF-DEK |
| 29. | Woodcock, Christine | Pro Se | Adams, Mary E. v. Merck & Co., Inc. | 2:06-cv-02200-EEF-DEK |

**Exhibit B**
(*"Other Injury"* cases)

| | Plaintiff | Plaintiff's Counsel | Case Caption | Case Number |
|---|---|---|---|---|
| 1. | Baum, Janice M | Pro Se | Van Jelgerhuis v. Merck | 2:05-cv-0458-EEF-DEK |
| 2. | Butterfield, Myrtle | Oldfather Law Firm | Allen, Marie v. Merck & Co., Inc. | 2:06-cv-02220-EEF-DEK |
| 3. | Dunn, Velma | Bennie L Jones, Jr. & Associates | Singleton v. Merck | 2:09-cv-02413-EEF-DEK |
| 4. | Eldridge, Joanne | Savage Bowersox Supperstein LLP | Eldridge, Joanne v. Merck & Co., Inc. | 2:05-cv-04447-EEF-DEK |
| 5. | Elliott, Sandra | Oldfather Law Firm | Elliott, Sandra v. Merck & Co., Inc. | 2:06-cv-10987-EEF-DEK |
| 6. | Harrison, Dennis R | Pro Se | Harrison. v. Merck | 2:07-cv-00905-EEF-DEK |
| 7. | Hudnut, Lynn D | Pro Se | Jenkins, Ruth v. Merck | 2:05-cv-04054-EEF-DEK |
| 8. | King, LaDonna | Oldfather Law Firm | King, LaDonna v. Merck & Co.,Inc | 2:06-cv-10270-EEF-DEK |
| 9. | Laviner, Rebecca | Federman & Sherwood | Laviner, Rebecca v. Merck | 2:06-cv-06932-EEF-DEK |
| 10. | Long, Stanley | Getty & Childers | Long, Stanley v. Merck | 2:05-cv-06510-EEF-DEK |
| 11. | Nolan, Maryann G | Getty & Childers | Nolan, Mary A. v. Merck. | 2:05-cv-06146-EEF-DEK |
| 12. | Rarick, Kenneth | Oldfather Law Firm | Amie, Vernon v. Merck & Co., Inc. | 2:06-cv-02219-EEF-DEK |
| 13. | Sanjanwala, Smita | Oldfather Law Firm | Smita, Sanjanwala v. Merck & Co., Inc. | 2:05-cv-01011-EEF-DEK |

**Exhibit C**
*(MI/Stroke/TIA Cases)*

|    | **Plaintiff** | **Plaintiff's Counsel** | **Case Caption** | **Case Number** |
|----|---------------|-------------------------|------------------|-----------------|
| 1. | Akyaamaa, Akosua | Pro Se | Akyaamaa, Akosua v. Merck & Co., Inc. | 2:07-cv-08080-EEF-DEK |
| 2. | Butcher, Lawrence K | Oldfather Law Firm | Butcher, Lawrence K. v. Merck & Co., Inc. | 2:06-cv-01901-EEF-DEK |
| 3. | DeRose, Gary A | Stratton Faxon | Whittaker, Denise v. Merck & Co., Inc. | 2:05-cv-01257-EEF-DEK |
| 4. | Donaldson, William J | Stratton Faxon | Whittaker, Denise v. Merck & Co., Inc. | 2:05-cv-01257-EEF-DEK |
| 5. | Escamilla, Robert | Law Offices of Chambers, Noronha & Kubota | Escamilla, Rosie v. Merck & Co., Inc. | 2:08-cv-03573-EEF-DEK |
| 6. | Flewellen, Neil | Lopez, Hodes, Restaino, Milman & Skikos // Stratton Faxon | Flewellen, Neil v. Merck & Co., Inc. | 2:08-cv-04165-EEF-DEK |
| 7. | Gros, Cheryl D | Law Offices of Donald J. Melancon | Gros, Cheryl D. v. Merck | 2:08-cv-05128-EEF-DEK |
| 8. | Hess, Denise R | Stratton Faxon | Hess, Denise R. v. Merck & Co., Inc. | 2:05-cv-05893-EEF-DEK |
| 9. | Knotts, Jerrlyn Kay S | Law Office of Robert L. Salim | Black, Bill v. Merck & Co., Inc. | 2:05-cv-04452-EEF-DEK |
| 10. | Levitt, Jo | Pro Se | Levitt, Jo v. Merck & Co., Inc. | 2:06-cv-09757-EEF-DEK |
| 11. | Lewis, Barbara J | Pro Se | Lewis, Barbara v. Merck & Co., Inc. | 2:08-cv-04925-EEF-DEK |
| 12. | Lockhart, Dolena | Paul A. Weykamp Law | Lockhart, Jimmy v. Merck & Co., Inc. | 2:08-cv-00876-EEF-DEK |
| 13. | Lynch, Judith A | Stratton Faxon | Lynch, Judith v. Merck & Co., Inc. | 2:05-cv-05072-EEF-DEK |
| 14. | Mannino, Ann M | Pro Se | Holobosky, Rosemary v. Merck & Co., Inc. | 2:05-cv-01091-EEF-DEK |
| 15. | Moxter, Bobby L | Fibich, Hampton & Leebron, LLP | Barker, Rita B. v. Merck & Co., Inc. | 2:05-cv-06535-EEF-DEK |
| 16. | Nestor, James | Law Offices of Douglas T. Sachse | Nestor, James v. Merck & Co. Inc. | 2:09-cv-07648-EEF-DEK |
| 17. | Novick, Kenneth A | Oldfather Law Firm | Novick, Kenneth v. Merck & Co., Inc. | 2:07-cv-07756-EEF-DEK |
| 18. | Perry, Samuel C | Stratton Faxon | Chambers, Marianne v. Merck & Co., Inc. | 2:05-cv-01997-EEF-DEK |
| 19. | Pickett, Virginia G | Pro Se | Pickett, Virginia v. Merck Sharp & Dohme, Corp. | 2:10-cv-00043-EEF-DEK |
| 20. | Roach, Joanne I | Emmanuel Guyon | Roach, Walter J. Jr. v. Merck & Co., Inc. | 2:10-cv-00868-EEF-DEK |
| 21. | Rodriguez, Marjorie | Stratton Faxon | Whittaker, Denise v. Merck & Co., Inc. | 2:05-cv-01257-EEF-DEK |
| 22. | Russel, Donna C | Oldfather Law Firm | Russel, Donna C. v. Merck & Co., Inc. | 2:06-cv-00781-EEF-DEK |
| 23. | Schnepf, James K | Harding & Moore | Schnepf, James K. v. Merck & Co., Inc. | 2:06-cv-00321-EEF-DEK |

|     | Plaintiff | Plaintiff's Counsel | Case Caption | Case Number |
| --- | --- | --- | --- | --- |
| 24. | Smith, Larry L | Trenam, Kemker, Scharf, Barkin, Frye | Smith, Larry L. v. Merck & Co., Inc. | 2:08-cv-04639-EEF-DEK |
| 25. | Strujan, Elena | Pro Se | Strujan, Elena v. Merck & Co., Inc. | 2:07-cv-00906-EEF-DEK |
| 26. | Valencia-Bernal, Susana | Pro Se | Valencia Bernal, Susana v. Merck & Co., Inc. | 2:07-cv-01049-EEF-DEK |
| 27. | White, Jackie K | Oldfather Law Firm | White, Jackie v. Merck & Co., Inc. | 2:10-cv-00504-EEF-DEK |
| 28. | Wodowski, Michael | The Miserendino Law Firm | Wodowski, Michael v. Merck & Co., Inc. | 2:08-cv-04559-EEF-DEK |